FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KIYON LEVAR BROWN,

Defendant–Appellant.

No. 09-8016
(D.C. No. 1:08-CR-00160-CAB-1)
(D. Wyo.)

**ORDER AND JUDGMENT***

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Kiyon L. Brown appeals his fifty-seven month prison sentence for one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Brown's counsel asserts that there are no nonfrivolous arguments for presentation on appeal and moves for leave to withdraw. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm Brown's sentence and grant counsel's motion to withdraw.

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

In July 2008, a federal grand jury indicted Brown on one count of conspiracy to distribute cocaine base and two counts of distribution of cocaine base in violation of 28 U.S.C. §§ 841(a)(1) and 846. Three months later, Brown entered into a plea agreement. In exchange for Brown pleading guilty to the conspiracy charge, the government dropped the distribution charges and stipulated that Brown conspired to distribute at least fifty grams but less than 150 grams of cocaine base. Using this stipulated quantity of cocaine base, Brown would receive a base offense level of thirty under the United States Sentencing Guidelines. See U.S.S.G. § 2D1.1(c)(5).

Following a plea hearing, Brown's probation officer submitted a pre-sentence report ("PSR") to the court. The probation officer determined that Brown's base offense level was thirty four using 500 grams to 1.5 kilograms of cocaine base, the amount that Brown admitted to conspiring to distribute during his plea hearing. Taking into account mitigating factors, the PSR listed a total offense level of twenty nine and recommended a sentence range of eighty-seven to 108 months.

After considering the report and the prosecutor's recommendations, the district court sentenced Brown according to the facts stipulated in the plea agreement, setting his base offense level at thirty. Combined with mitigating factors, the court calculated Brown's total offense level as twenty five and his sentence range as fifty-seven to seventy-one months. The court chose the low end of this range, sentencing Brown to fifty-seven months' imprisonment. During the sentencing hearing, when asked whether he wanted to withdraw his plea, Brown responded, "I stand on my plea." Shortly

thereafter, Brown directed defense counsel to appeal on the grounds that his sentence was "too much." This appeal followed.

## II

Under Anders, if an attorney examines a case and determines that any appeal would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. Id. The client may then choose to offer argument to the court. Id. If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. In the present case, Brown received a copy of the appellate brief and did not file a response.

The only arguably appealable issue raised in defense counsel's brief, and the only appealable issue we discern in the record, is the reasonableness of Brown's sentence. We review a district court's sentencing determination for abuse of discretion. Gall v. United States, 552 U.S. 38, 594 (2007). A sentencing court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable in light of the factors found in 18 U.S.C. § 3553(a). United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). When a district court correctly calculates the Guidelines range based on factual findings that were not clearly erroneous and imposes a sentence within that range, the sentence is entitled to a presumption of reasonableness. United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008); see also Rita v. United States, 551 U.S. 338, 347 (2007) (permitting Courts of Appeals to apply such a presumption of reasonableness).

Before making its ruling, the district court considered and accepted the stipulation of the parties, which resulted in Brown receiving a base offense level of thirty and a reduced sentencing range of fifty-seven to seventy-one months. The facts underlying the Guidelines calculation were undisputed, and there is no evidence that the district court's factual findings were clearly erroneous. The court imposed a sentence of fifty-seven months, at the bottom of the Guidelines range. We presume this sentence is reasonable, especially given that the net result of the stipulation was a thirty-month reduction in the low end of Brown's Guidelines range. Finally, when given the opportunity withdraw his guilty plea and go to trial, Brown declined.

For the reasons noted above, we **AFFIRM** Brown's sentence and **GRANT** defense counsel's motion to withdraw.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge